Dear Mr. Stevenson:
This opinion is in response to your question asking:
 Upon the arrest of a sixteen year old for Driving While Intoxicated, First Offense, Section 577.010, R.S.Mo., or Driving While Intoxicated in violation of municipal ordinance, may a law enforcement officer, pursuant to the usual and customary booking procedures of his or her agency, fingerprint and photograph the sixteen year old?[1]
Section 211.031.1, RSMo 1986, provides in part:
 Juvenile court to have exclusive jurisdiction when — exceptions. — 1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:
* * *
 (3) Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years, in which cases jurisdiction may be taken by the court of the circuit in which the child or person resides or may be found or in which the violation is alleged to have occurred; except that, the juvenile court shall not have jurisdiction over any child sixteen years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony;
(Emphasis added.)
Section 577.010, RSMo 1986, provides:
 Driving while intoxicated. — 1. A person commits the crime of "driving while intoxicated" if he operates a motor vehicle while in an intoxicated or drugged condition.
 2. Driving while intoxicated is for the first offense, a class B misdemeanor. No person convicted of or pleading guilty to the offense of driving while intoxicated shall be granted a suspended imposition of sentence for such offense, unless such person shall be placed on probation for a minimum of two years.
Section 211.151, RSMo 1986, provides:
 Places of detention — photographing and fingerprinting restrictions. —
* * *
 3. Neither fingerprints nor a photograph shall be taken of a child taken into custody for any purpose without the consent of the juvenile judge.
* * *
The central issue raised by your question is whether driving while intoxicated is a violation of a state traffic ordinance or regulation for purposes of Section 211.031.1, RSMo 1986. This office in Opinion No. 112-86, a copy of which is enclosed, concluded that a first offense of driving while intoxicated is a violation of a state traffic ordinance or regulation, the violation of which does not constitute a felony. This is consistent with Section 577.023.1(1), RSMo 1986, which defines an "intoxication-related traffic offense" as "driving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of state law."
In Opinion No. 112-86, this office concluded that because a first offense of driving while intoxicated is a state traffic ordinance or regulation, the violation of which does not constitute a felony, a sixteen-year-old committing a first offense of driving while intoxicated is not within the exclusive original jurisdiction of the juvenile court, pursuant to Section211.031.1(3), RSMo 1986.
In Opinion No. 181, Limbaugh, 1980, a copy of which is enclosed, this office concluded that a sixteen-year-old person arrested for violation of a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony, who refuses to submit to a chemical test to determine the alcoholic content of his or her blood is subject to statutory provisions relating to penalties for failure to submit to such a test. In that opinion, it was concluded that the procedural protections of the juvenile code are applicable only when the juvenile court has jurisdiction. Consistent with that opinion, Section 211.151.3, RSMo 1986, prohibiting the taking of fingerprints or photographs of a child in custody without the consent of the juvenile judge, would not apply to a sixteen-year-old child's violation of driving while intoxicated, first offense, because this offense is not within the jurisdiction of the juvenile court.
Conclusion
It is the opinion of this office that law enforcement officials may fingerprint and photograph a sixteen-year-old charged with a first offense of driving while intoxicated under Section 577.010, RSMo 1986, or an equivalent municipal ordinance, without authorization to do so by the juvenile judge, because the offense of driving while intoxicated, first offense, is not a felony, and is not within the jurisdiction of the juvenile court.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 112-86 Opinion No. 181, Limbaugh, 1980 Opinion Letter No. 20-86
[1] Your question is interpreted as limited to fingerprinting and photographing procedures. Therefore, this opinion does not address whether a juvenile arrested for driving while intoxicated, first offense, may be incarcerated. The question of detention of juveniles was addressed in Opinion Letter No. 20-86, a copy of which is enclosed.